CRAIG LABADIE, City Attorney
California Bar No. 101681
MARK S. COON, Assistant City Attorney
California Bar No. 128122
1950 Parkside Drive, MS/08
Concord, CA 94519
(925) 671-3160
(925) 671-3469 (fax)

Attorneys for Defendants City of Concord,
Todd Nunn, Scott Johnson, Dan Golinveaux, Alan Mughannam,
Michael Huth, Mike Finney, James Nakayama, and Anthony Zalec

FILED
JAN 29 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PANKEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF CONCORD, et. al.,<br><br>　　　　Defendants. | Case No. C 06-03737 (JCS)<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

　　　　1.　　In connection with the discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). For the purposes of this Order, "confidential information" is information comprising Police Officer records that are confidential within the meaning of California Penal Code Sections 832.7 and 832.8.

　　　　By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

//

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to plaintiff Randy Pankey, while he remains in *pro se* status, and to the "qualified persons" designated below:

    (a) A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) Experts or consultants (together with their clerical staff) retained by legal counsel for the parties (or Mr. Pankey) to assist in the prosecution, defense, or settlement of this action;

    (c) Court reporter(s) employed in this action;

    (d) A witness at any deposition or other proceeding in this action; and

    (e) Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to the other party or to counsel for each party.

6. Depositions shall be taken only in the presence of qualified persons.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court. ∧ Parties shall comply with Local Rule 79-5.

9. In the event that any Confidential Material is used in any court proceedings in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

10. This Order shall be without prejudice to the right of the parties:

    (a) To bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or

    (b) To present a motion to the Court under FRCP 26C(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party, nor shall this Order be deemed a waiver by any party to challenge the admissibility at trial of any information or document subject to the Order.

12. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

1  hereunder. Upon termination of this case, Mr. Pankey (or his attorney) shall assemble and return to
2  defendants all documents, material and deposition transcripts designated as confidential and all copies
3  of same.

5  Dated: December ___, 2006

_____
Randy Pankey, in Pro Per     1/16/07

8  Dated: ~~December~~ January 25, 2006

_____
Mark S. Coon, Assistant City Attorney
Attorney for Defendants City of Concord, Todd
Nunn, Scott Johnson, Dan Golinveaux, Alan
Mughannam, Michael Huth, Mike Finney, James
Nakayama, and Anthony Zalec

13  Dated: ~~December~~ Jan 29, 2007

_____
JOSEPH C. SPERO
United States District Court Magistrate Judge

4
STIPULATED PROTECTIVE ORDER

Attachment A

## NONDISCLOSURE AGREEMENT

I, _Randy Pankey_, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered into in *Randy Pankey v. City of Concord, et. al.*, United States District Court for the Northern District of California, Civil Action No. C 06-03737 (JCS), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Date: _1/16/07_     By: _[signature]_